IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEON POWELL,<br>aka Rashid Ali,<br><br>　　　　Petitioner,<br><br>v.<br><br>ROBERT MAY,<br>Warden, and ATTORNEY<br>GENERAL OF THE STATE OF<br>DELAWARE,<br><br>　　　　Respondents. | )<br>)<br>)<br>)<br>)<br>)　Civil Action No. 22-648-RGA<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM**

Mr. Powell is proceeding *pro se* with a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 2) In 1983, a Delaware Superior Court jury convicted Petitioner of first degree murder, and the Superior Court sentenced him to a mandatory life term. (D.I. 2 at 1) The Delaware Supreme Court affirmed Petitioner's convictions and sentence on September 23, 1983. *See Powell v. State*, 474 A.2d 141 (Table), 1983 WL 162313 (Del. Sept. 27, 1983).

In 2014, Petitioner filed in the Delaware Superior Court his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). *See State v. Powell*, 2014 WL 6662926, at *1 (Del. Super. Ct. Nov. 24, 2014). The Rule 61 motion raised the following four grounds for relief: (1) Petitioner was indicted under the wrong statute; (2) he was improperly convicted of felony murder because he was not convicted of any underlying felony; (3) the trial court abused its discretion by permitting defense counsel to have a private polygraph examination administered to Petitioner; and (4) the State engaged in

prosecutorial misconduct by misleading the trial court to permit him to undergo a private polygraph examination. *See id*. at *1.  On November 24, 2014, the Superior Court denied the Rule 61 motion as time-barred because it was filed more than thirty years after Petitioner's conviction became final. *Id*. Petitioner appealed. On January 16, 2015, the Delaware Supreme Court remanded the Rule 61 motion to the Superior Court for decision. *See Powell v. State*, 2015 WL 1242897, at *1 (Del. Super. Ct. Mar. 16, 2015).  On remand, the Superior Court denied Petitioner's Rule 61 motion as time-barred under Delaware Superior Court Criminal Rule 61(i)(1) and, alternatively, as meritless. *See id*. at *2-5.  The Delaware Supreme Court affirmed that decision on June 17, 2015. *See Powell v. State*, 116 A.3d 1244 (Table), 2015 WL 3824781, at *2 (Del. June 17, 2015).

On January 21, 2020, Petitioner filed a second Rule 61 motion asserting two claims: (1) he was not charged with possession of a deadly weapon in commission of a felony and, therefore, could not have had the requisite "malice" for felony murder; and (2) the jury should have been instructed on reasonable doubt. *See State v. Powell*, 2020 WL 836607, at *1 (Del. Super. Ct. Feb. 19, 2020).  A Delaware Superior Court Commissioner recommended summarily dismissing the Rule 61 motion as successive under Rule 61(d)(2*). See id*.  The Superior Court adopted the Commissioner's Report and Recommendation on May 25, 2020 and denied Petitioner's second Rule 61 motion as successive. *See Powell v. State*, 275 A.3d 267 (Table), 2022 WL 905876, at *1 (Del. Mar. 28, 2022). On April 16, 2021, Petitioner filed a motion for reconsideration of the denial of his second Rule 61 motion, followed by a Rule 35(a) motion for correction of sentence on June 28, 2021. *See id*. at *2.  The Superior Court denied both motions on September 22, 2021. *Id*. The Delaware Supreme Court affirmed that decision on March 28, 2022. *See id*. at *2-3.

Petitioner filed the instant Petition on May 17, 2022. (D.I. 2) The Petition challenges Petitioner's 1983 conviction for felony murder and asserts two grounds for relief: (1) the Delaware courts committed plain error by convicting him pursuant to an insufficient indictment; and (2) Petitioner was denied access to the courts. (D.I. 2 at 5-7)

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244. AEDPA imposes a one-year period of limitation on the filing of habeas petitions and effectively precludes petitioners from filing a second or subsequent habeas application except in the most unusual of circumstances. *See* 28 U.S.C. § 2244(b); 28 U.S.C. § 2244(d)(1); *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999); *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). AEDPA's limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1). When, as here, a petitioner's judgment of conviction became final prior to AEDPA's effective date of April 24, 1996, he benefits from a one-year grace period for timely filing habeas petitions, thereby extending the filing period through April 23, 1997. *See McAleese*

*v. Brennan*, 483 F.3d 206, 213 (3d Cir. 2007); *Douglas v. Horn*, 359 F.3d 257, 261 (3d Cir. 2004). Thus, Petitioner had until April 23, 1997 to timely file his Petition.

The Court's preliminary screening of the Petition pursuant to Habeas Rule 4 indicates that the Petition is untimely. AEDPA's limitations period, however, is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). Since Petitioner filed his first Rule 61 motion approximately thirty years after his conviction became final, Petitioner's Rule 61 motion did not statutorily toll the limitations period. Consequently, the only way for the instant Petition to be deemed timely filed is if equitable tolling applies.

Equitable tolling is only appropriate in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). Specifically, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did

4

not prevent timely filing." *Brown v. Shannon,* 322 F.3d 768, 773 (3d Cir.2003).  The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel,* 546 F.3d 269, 277 (3d Cir.2008).

      Petitioner does not directly address the issue of timeliness.  Instead, he opaquely asserts that "a reasonable factfinder would find the constitutional claims presented deserve encouragement to proceed further [and] that the petition should have been resolved in a different manner."  (D.I. 4 at 4)  Nevertheless, in the interest of justice, Petitioner shall be given an opportunity to show cause why his Petition should not dismissed as untimely under 28 U.S.C. § 2244(d)(1).  In his response to this Memorandum and Order, Petitioner shall state with specificity any facts that may entitle him to equitable tolling of the statute of limitations and why his Petition should not be dismissed as time-barred.  An appropriate Order follows.


Dated:  July 6, 2022                     /s/ Richard G. Andrews_____
                                                  United States District Court Judge