IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

LEON POWELL,                          :
aka Rashid Ali,                       :
                                      :
            Petitioner,               :
                                      :
      v.                              :        Civil Action No. 22-648-RGA
                                      :
ROBERT MAY, Warden,  and             :
ATTORNEY GENERAL OF THE               :
STATE OF DELAWARE,                    :
                                      :
            Respondents.              :

---

## MEMORANDUM OPINION

Leon Powell.  *Pro se* Petitioner.

September 23, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
ANDREWS, UNITED STATES DISTRICT JUDGE:

Petitioner Leon Powell is proceeding *pro se* with a petition for federal habeas relief pursuant to 28 U.S.C. § 2254 ("Petition").  (D.I. 2)  On July 6, 2022, the Court entered a Memorandum and Order directing Petitioner to show cause why his Petition should not be dismissed as time-barred, (D.I. 5; D.I. 6), to which Petitioner responded (D.I. 7).  For the following reasons, the Court will dismiss the Petition as time-barred without issuing a certificate of appealability.

## I.      BACKGROUND

In 1983, a Delaware Superior Court jury convicted Petitioner of first degree murder, and the Superior Court sentenced him to a mandatory life term.  (D.I. 2 at 1)  The Delaware Supreme Court affirmed Petitioner's convictions and sentence on September 23, 1983.  *See Powell v. State*, 474 A.2d 141 (Table), 1983 WL 162313 (Del. Sept. 27, 1983).

In 2014, Petitioner filed in the Delaware Superior Court his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion").  *See State v. Powell*, 2014 WL 6662926, at *1 (Del. Super. Ct. Nov. 24, 2014).  The Rule 61 motion raised the following four grounds for relief: (1) Petitioner was indicted under the wrong statute; (2) he was improperly convicted of felony murder because he was not convicted of any underlying felony; (3) the trial court abused its discretion by permitting defense counsel to have a private polygraph examination administered to Petitioner; and (4) the State engaged in prosecutorial misconduct by misleading the trial court to permit him to undergo a private polygraph examination.  *See id*. at *1.  On November 24, 2014, the Superior Court denied the Rule 61 motion as time-barred because it was filed more than thirty years after Petitioner's conviction became final.  *Id*.  Petitioner appealed.  On January 16, 2015, the Delaware Supreme

Court remanded the Rule 61 motion to the Superior Court for decision. *See Powell v. State*, 2015 WL 1242897, at *1 (Del. Super. Ct. Mar. 16, 2015). On remand, the Superior Court denied Petitioner's Rule 61 motion as time-barred under Delaware Superior Court Criminal Rule 61(i)(1) and, alternatively, as meritless. *See id*. at *2-5. The Delaware Supreme Court affirmed that decision on June 17, 2015. *See Powell v. State*, 116 A.3d 1244 (Table), 2015 WL 3824781, at *2 (Del. June 17, 2015).

On January 21, 2020, Petitioner filed a second Rule 61 motion asserting two claims: (1) he was not charged with possession of a deadly weapon in commission of a felony and, therefore, could not have had the requisite "malice" for felony murder; and (2) the jury should have been instructed on reasonable doubt. *See State v. Powell*, 2020 WL 836607, at *1 (Del. Super. Ct. Feb. 19, 2020). A Delaware Superior Court Commissioner recommended summarily dismissing the Rule 61 motion as successive under Rule 61(d)(2*). See id*. The Superior Court adopted the Commissioner's Report and Recommendation on May 25, 2020 and denied Petitioner's second Rule 61 motion as successive. *See Powell v. State*, 275 A.3d 267 (Table), 2022 WL 905876, at *1 (Del. Mar. 28, 2022). On April 16, 2021, Petitioner filed a motion for reconsideration of the denial of his second Rule 61 motion, followed by a Rule 35(a) motion for correction of sentence on June 28, 2021. *See id*. at *2. The Superior Court denied both motions on September 22, 2021. *Id*. The Delaware Supreme Court affirmed that decision on March 28, 2022. *See id*. at *2-3.

Petitioner filed the instant Petition on May 17, 2022. (D.I. 2) The Petition challenges Petitioner's 1983 conviction for felony murder. On July 6, 2022, the Court entered a

Memorandum and Order directing Petitioner to show cause why his Petition should not be dismissed as time-barred.  (D.I. 7; D.I. 8)  Petitioner filed a Response.  (D.I. 7)

## II.      LEGAL STANDARD

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4, 28 U.S.C. foll. § 2254.  Pursuant to this Rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.     DISCUSSION

As the Court previously explained in its Memorandum and Order to Show Cause, the instant Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, and is subject to AEDPA's one-year period of limitation.  (D.I. 5 at 3-4)  AEDPA's limitations period may be statutorily and equitably tolled, and a petitioner may also avoid being time-barred by establishing a gateway claim of actual innocence.

Here, Petitioner filed the instant Petition more than twenty-five years too late and none of Petitioner's previously-filed state motions for collateral relief statutorily toll the limitations period.  (*See* D.I. 5 at 4)  In his Response to the Court's show cause order, Petitioner asserts an argument for equitable tolling and also contends that he is actually innocent.

### A.  Equitable Tolling

Equitable tolling is only appropriate in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

3

circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649-50 (2010).  With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect.  *Id.* at 651-52.  As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013).  Specifically, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003).  The burden is on the petitioner to prove that he has been reasonably diligent in pursuing his rights. *See Urcinoli v. Cathel,* 546 F.3d 269, 277 (3d Cir. 2008).

The instant Petition challenges Petitioner's 1983 conviction for first degree murder and asserts two grounds for relief: (1) the Delaware courts committed plain error by convicting him pursuant to an insufficient indictment; and (2) Petitioner was denied access to the Courts.  (D.I. 2 at 5-7)  In his Response to the Court's show cause Order, Petitioner appears to argue that equitable tolling is warranted because defense counsel did not present these two Claims to the Delaware Supreme Court during his direct appeal.  (D.I. 7 at 3)

4

The Delaware Supreme Court decided Petitioner's direct appeal on September 23, 1983. Even if the Court were to accept Petitioner's argument that defense counsel provided ineffective assistance during his 1983 direct appeal (which it does not), counsel's alleged ineffective assistance in 1983 does not explain why Petitioner waited until 2022 to raise the two grounds for relief in the instant Petition. In other words, Petitioner has failed to demonstrate that he pursued his claims with the requisite amount of reasonable diligence necessary to justify equitable tolling. Thus, equitable tolling is not warranted in this case.

**B. Gateway Claim of Actual Innocence**

A credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. *See McQuiggin v. Perkins*, 569 U.S 383, 392 (2013); *Wallace v. Mahanoy*, 2 F. 4th 133, 150-51 (3d Cir. 2021). A petitioner satisfies the actual innocence exception by (1) presenting new, reliable evidence of his innocence; and (2) showing "by a preponderance of the evidence" that "a reasonable juror would have reasonable doubt about his guilt[] in light of the new evidence." *Wallace*, 2 F.4th at 151. "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Here, Petitioner contends that he is "actually innocent" because he was convicted of first degree murder without having been charged with a weapons offense. (D.I. 7 at 3) This is not a claim of *factual* innocence. (And, to the extent it is interpreted as a claim of *legal* innocence, it is clearly frivolous.). Therefore, Petitioner's instant assertion of innocence does not constitute a credible gateway claim capable of overcoming AEDPA's time-bar.

Accordingly, the Court will dismiss the Petition as time-barred.

## IV.    CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability.  *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the instant Petition is time-barred.  In the Court's view, reasonable jurists would not find this conclusion to be debatable.  Therefore, the Court will not issue a certificate of appealability.

## V.    CONCLUSION

For the reasons discussed, the Court will dismiss the Petition as time-barred. Additionally, the Court declines to issue a certificate of appealability.  An appropriate Order will be entered.

6